FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2016 FEB -4 PM 1:26

OFFICE OF THE CLERK

8:16MC20

RECEIVED

FEB 4 2016

CLERK
U.S. DISTRICT COURT

BENJAMIN MIZER
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL

BRIAN STRETCH, CA No. 163973
Acting United States Attorney
ALEX G. TSE, CA No. 152348
Chief, Civil Division
ERIC J. ADAMS, CA No. 135893
Special Assistant U.S. Attorney

    U.S. Small Business Administration
    455 Market Street, Suite 600
    San Francisco, CA  94105
    Telephone: (415) 744-8440
    Facsimile: (415) 744-6812
    eric.adams@sba.gov

CHRISTOPHER J. MCCLINTOCK, VA Bar No. 68417
ARLENE M. EMBREY, FL Bar No. 0125539
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third St., S.W.
Washington, D.C. 20416
Telephone: (202) 205-7715
Facsimile: (202) 481-5497
christopher.mcclintock@sba.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>RED ROCK VENTURES - SBIC III, L.P.<br>    Defendant. | Civil Action No. 15-cv-05349-NC<br><br>STIPULATION FOR<br>CONSENT ORDER<br>OF RECEIVERSHIP<br><br>(Cover Page) |

BENJAMIN MIZER
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL

BRIAN STRETCH, CA No. 163973
Acting United States Attorney
ALEX G. TSE, CA No. 152348
Chief, Civil Division
ERIC J. ADAMS, CA No. 135893
Special Assistant U.S. Attorney

    U.S. Small Business Administration
    455 Market Street, Suite 600
    San Francisco, CA 94105
    Telephone: (415) 744-8440
    Facsimile: (415) 744-6812
    eric.adams@sba.gov

CHRISTOPHER J. MCCLINTOCK, VA Bar No. 68417
ARLENE M. EMBREY, FL Bar No. 0125539
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third St., S.W.
Washington, D.C. 20416
Telephone: (202) 205-7715
Facsimile: (202) 481-5497
christopher.mcclintock@sba.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No. |
|     Plaintiff, ) | |
| ) | **CONSENT RECEIVERSHIP** |
|     v. ) | **ORDER** |
| ) | |
| RED ROCK VENTURES - SBIC III, L.P.) | |
|     Defendant. ) | |

Before this Court is the Complaint by the United States of America, on behalf of the

United States Small Business Administration ("SBA"), for a permanent injunction, and the appointment of the SBA as Permanent Receiver for Red Rock Ventures – SBIC III, L.P. pursuant to 15 U.S.C. § 687c. The Court, pursuant to a stipulation for a consent order presented by the parties, finds that this relief should be granted:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Red Rock Ventures – SBIC III, L.P. (hereinafter "Red Rock III") and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Red Rock III to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshaling and liquidating all of Red Rock III's assets to satisfy the claims of creditors therefrom in the order of priority to be determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, limited partners, managers, officers, directors and agents of Red Rock III under applicable state and federal law and by the Agreement of Limited Partnership of said limited partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of Red Rock III are hereby dismissed. Such persons shall have no authority with respect to Red Rock III's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Red Rock III and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Red Rock III, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Red Rock III's general partner, RRV Partners IIIA, LLC, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Red Rock III as well as

1  the names, addresses and amounts of claims of all known creditors of Red Rock III. All persons
2  having control, custody or possession of any assets or property of Red Rock III, including its
3  General Partner, are hereby directed to turn such property over to the Receiver.

4      4.    The Receiver shall promptly give notice of its appointment to all known officers,
5  directors, agents, managers, general partners, employees, limited partners, creditors, debtors and
6  agents of Red Rock III. All persons and entities owing any obligations or debts to Red Rock III
7  shall, until further order of this Court, pay all such obligations in accordance with the terms
8  thereof to the Receiver, and its receipt for such payments shall have the same force and effect as
9  if Red Rock III had received such payments.

10      5.    The Receiver is hereby authorized to open such Receiver's bank accounts, at
11  banking or other financial institutions, to extend credit on behalf of Red Rock III, to utilize SBA
12  personnel, and to employ such other personnel as necessary to effectuate the operation of the
13  receivership including, but not limited to, attorneys and accountants, and is further authorized to
14  expend receivership funds to compensate such personnel in such amounts and upon such terms
15  as the Receiver shall deem reasonable in light of the usual fees and billing practices and
16  procedures of such personnel. The Receiver is not required to obtain Court approval prior to the
17  disbursement of receivership funds for payments to personnel employed by the Receiver or
18  payments for expenses incidental to administration of the Receivership. In addition, the
19  Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by
20  SBA personnel in the establishment and administration of the receivership. The Receiver may,
21  without further order of this Court, transfer, compromise, or otherwise dispose of any claim or
22  asset, other than real estate.

23      6.    Red Rock III's past and/or present officers, directors, agents, managers, general
24  partners, limited partners, employees, and other appropriate persons (including, without
25  limitation, the defendant's portfolio of small business concerns and banks or other financial
26  institutions doing business with defendant and/or defendant's portfolio of small business
27  concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver,
28  all questions which it may put to them regarding the business of said partnership, or any other

matter relevant to the operation or administration of the receivership or the collection of funds due to Red Rock III. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Red Rock III, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Red Rock III, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) Red Rock III, (ii) any assets of Red Rock III, (iii) the Receiver for Red Rock III, or (iv) Red Rock III's present or past officers, directors, managers, or general partners (including the managers, partners or members of such general partner) to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with Red Rock III, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) Red Rock III, (ii) any of assets of Red Rock III, (iii) the Receiver for Red Rock III or (iv) Red Rock III's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken in their official capacity for Red Rock III are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

9. As to a cause of action accrued or accruing in favor of Red Rock III against a third person or party, any applicable statute of limitation is tolled to the extent allowed by

//

applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. Red Rock III and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Red Rock III to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "Act"), 15 U.S.C. § 661, et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.20, et seq.

11. The Receiver is authorized to borrow on behalf of Red Rock III, from the SBA, up to $1,000,000, and is authorized to cause Red Rock III to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Red Rock III, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of Red Rock III.

12. This Court determines and adjudicates that Red Rock III is capitally impaired above its allowed maximum, which constitutes a violation of 13 C.F.R. § 107.1830(b) (capital impairment) and 13 C.F.R. § 107.507(a) (non-performance due to capital impairment) of the Regulations as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may recommend that Red Rock III's license as an SBIC be revoked and may recommend that control of the limited partnership be returned to Red Rock III's general partner.

//
//
//

**THE PARTIES BY THEIR SIGNATURES (BELOW OR BY COUNTERPART) STATE THAT THEY STIPULATE AS TO THE FORM AND CONTENT OF THIS CONSENT ORDER FOR RECEIVERSHIP:**

U.S. SMALL BUSINESS ADMINISTRATION

By: *(signature)*
Thomas G. Morris
Director, Office of Liquidation
U.S. Small Business Administration
Investment Division
Date: 11-20-2015

RED ROCK VENTURES – SBIC III, L.P.

By: *(signature)*
Name: Robert Todd
Title: Managing Member
Date: 11/18/15

| | | |
|---|---|---|
| 1 | Dated: __11/23/15__ | By: _____ |
| 2 | | ERIC J. ADAMS |
| 3 | | Special Assistant United States Attorney |
| | | U.S. Small Business Administration |
| | | 455 Market Street. Suite 600 |
| 4 | | San Francisco, CA  94105 |
| 5 | | Telephone: (415) 744-8440 |
| | | Facsimile: (415) 744-6812 |
| 6 | | eric.adams@sba.gov |
| 7 | | |

**IT IS SO ORDERED**

this ___ day of _____, 2015.

_____

Dated: _____   By: _____
ERIC J. ADAMS
Special Assistant United States Attorney
U.S. Small Business Administration
455 Market Street, Suite 600
San Francisco, CA 94105
Telephone: (415) 744-8440
Facsimile: (415) 744-6812
eric.adams@sba.gov

**IT IS SO ORDERED**

this 25th day of January, 2016.



_____
THE HONORABLE NATHANAEL COUSINS
UNITED STATES MAGISTRATE JUDGE

GRANTED
Judge Nathanael M. Cousins

BENJAMIN MIZER
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL

BRIAN J. STRETCH, CA No. 163973
Acting United States Attorney
ALEX G. TSE, CA No. 152348
Chief, Civil Division
ERIC J. ADAMS, CA No. 135893
Special Assistant U.S. Attorney

    U.S. Small Business Administration
    455 Market Street, Suite 600
    San Francisco, CA 94105
    Telephone: (415) 744-8440
    Facsimile: (415) 744-6812
    eric.adams@sba.gov

CHRISTOPHER J. MCCLINTOCK, VA Bar No. 68417
ARLENE M. EMBREY, FL Bar No. 0125539
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third St., S.W.
Washington, D.C. 20416
Telephone: (202) 205-7715
Facsimile: (202) 481-5497
christopher.mcclintock@sba.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RED ROCK VENTURES - SBIC III, L.P.<br>    Defendant. | Civil Action No.<br>STIPULATION AND<br>[PROPOSED] ORDER FOR<br>ENTRY OF CONSENT ORDER<br>OF RECEIVERSHIP |

WHEREAS, upon the filing of this Stipulation the Plaintiff, United States of America, on

behalf of its agency, the U.S. Small Business Administration ("Plaintiff" or "SBA") has filed and caused to be served upon Defendant, Red Rock Ventures – SBIC III, L.P. ("Defendant") a complaint for receivership pursuant to 15 U.S.C. §687c;

WHEREAS, Defendant has consented to an order for receivership against it to be entered on any date on or after **June 05, 2013**; and

WHEREAS, the said parties desire to resolve this matter amicably without further proceedings, trial or adjudication of any issue, and therefore stipulate and agree as follows:

1. That this Court has jurisdiction over the subject matter of this action and over Defendant pursuant to 15 USC §§ 687(d) and 687c;

2. To the entry of the attached Consent Order for Receivership without further proceedings;

3. That findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure are hereby waived;

4. That Defendant has already agreed to a Consent Order for Receivership and injunctive relief filed herewith and appointment of SBA as its receiver pursuant to 15 U.S.C. §687c and waives any right it may have to contest the validity of same;

5. Defendant withdraws and otherwise irrevocably waives with prejudice any all arguments and defenses that it could assert in this matter, if any;

6. Each of the parties will bear its own costs, fees and expenses in this case; and

7. That the Consent Order for Receivership may be presented by Plaintiff to the Court for signature and entry without further notice on any date on or after June 5, 2013; however the Plaintiff will provide notice of entry to Defendant.

**STIPULATED AND AGREED BY:**

U.S. SMALL BUSINESS ADMINISTRATION

By: *[signature]*
Thomas G. Morris
Director, Office of Liquidation
U.S. Small Business Administration
Investment Division
Date: November 2, 2015

| | |
|---|---|
| 1 | RED ROCK VENTURES – SBIC III, L.P. |
| 2 | By: _____ |
| 3 | Name: ROBERT TODD |
| | Title: Managing Member |
| 4 | Date: 10/29/15 |